UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS, | No. 2:14-cv-00089-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| THE STATE OF CALIFORNIA, EDMUND G. BROWN, in his official capacity as Governor, | |
| Defendants. | |

This matter is before the court on plaintiff's ex-parte motion for a temporary restraining order ("TRO"). (ECF 3.) Plaintiff challenges on Sixth and Fourteenth Amendment grounds three California statutes relating to the admissibility and use of computer-generated red-light camera photographs, video, and data. (*Id.* at 4.) Plaintiff seeks the following relief: (1) an injunction to stop his pending criminal trial for running a red light, scheduled to begin on January 30, 2014; (2) a ruling that California Vehicle Code section 21455.5(e) and California Evidence Code sections 1552 and 1553 are unconstitutional; (3) an order to stay all red light criminal trials in the State, including plaintiff's, until this court decides upon the constitutionality of these three state statutes; (4) an order to stay all red light criminal trials in the State, including plaintiff's,

/////

/////

until the California Supreme Court rules on a red light case currently under review, titled *People v. Goldberg*, 143 Cal. Rptr. 3d 839 (2012); and (5) fees and costs. (*Id.* at 10–11.) For the following reasons, the court DENIES plaintiff's motion without a hearing.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

The court denies plaintiff's motion for two reasons. First, plaintiff has not filed all the documents required by Local Rule 231(c). Specifically, plaintiff did not file a proposed temporary restraining order with a provision for a bond and notice to defendants that they may apply for a modification of the ex-parte TRO. Plaintiff has in the alternative not alleged the impossibility of filing this document.

Second, and more importantly, even if plaintiff had fully complied with the Local Rules, the court would still deny his motion because this court may not enjoin proceedings in a state court unless "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *accord Younger v. Harris*, 401 U.S. 37 (1971) (a federal court granting declaratory and injunctive relief that interferes with pending state court proceedings violates national policy except under special circumstances). Plaintiff does not argue that an exception to this general rule exists here, nor can the court identify any such special circumstances.

1  Because the court may not enjoin plaintiff's state criminal trial, plaintiff will suffer
2 no irreparable harm if the court does not consider his constitutional challenge before the start of
3 his state criminal trial. *See Winter*, 555 U.S. at 22 (plaintiff must demonstrate irreparable injury
4 is likely in the absence of an injunction).  Plaintiff's motion for a TRO is therefore DENIED.
5  IT IS SO ORDERED.
6 DATED: January 17, 2014.

_____
UNITED STATES DISTRICT JUDGE