UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0089 KJM CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.[1]  This proceeding was referred to this court by Local Rule 302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

/////

---

[1]  Plaintiff has also requested appointment under 28 U.S.C. § 2284 of a three judge panel to preside over this action.  In the circumstances of this case, appointment of a three judge panel is not warranted.

1

1  or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915(e)(2).

3     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.

8     In ruling on plaintiff's motion for a temporary restraining order, the District Court has
9  held that the injunctive relief plaintiff seeks in this action is barred under Younger v. Harris, 401
10 U.S. 37 (1971).  See ECF No. 5.  In Younger, the Supreme Court recognized the "longstanding
11 public policy against federal court interference with state court proceedings . . ." and reversed the
12 District Court's enjoining of a prosecution against Harris for violations of California's criminal
13 syndicalism statutes.  Younger, 401 U.S. at 43, 54.  Subsequent cases have distilled the principles
14 of Younger into a three-part test:   a federal court should abstain from adjudicating a lawsuit if (1)
15 there are pending state judicial proceedings, (2) the state proceedings implicate important state
16 interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions.
17 Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

18    Whether a state action is "pending" for Younger purposes is not determined by a simple
19 comparison of filing dates.  Polykoff v. Collins, 816 F.2d 1326, 1332 (9th Cir. 1987).  If the state
20 action was filed before the federal case proceeded beyond an embryonic stage or the federal court
21 has conducted any proceedings on the substance of the merits of the case, the first Younger
22 requirement is met.  Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 238 (1984); Doran v.
23 Salem Inn, Inc., 422 U.S. 922, 929 (1975).  Neither the denial of a temporary restraining order,
24 nor service of the complaint, nor the determination of a motion for a preliminary injunction
25 without a hearing constitute proceedings of substance on the merits of the action.  Hicks v.
26 Miranda, 422 U.S. 332, 338-39 (1975); Polykoff, 816 F.2d at 1332.  In this case, the state
27 proceedings regarding plaintiff's red light traffic infraction were initiated prior to the filing of
28 /////

1  plaintiff's federal complaint, with a trial date set of January 30, 2014.[2]  The state court action is
2  therefore "pending" for purposes of Younger abstention.

3    In Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975), the U.S. Supreme Court held that
4  even where the appellee's trial was over by the time Pursue brought its federal complaint, a losing
5  party like Pursue must exhaust its state appellate remedies before seeking relief in the federal
6  court, unless an exception to Younger applies.  In World Famous Drinking Emporium, Inc. v.
7  Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987), the Ninth Circuit held, for Younger abstention
8  purposes, exhaustion of state appellate remedies did not occur until the losing party appealed the
9  adverse rulings to the state Supreme Court.  Failure to exhaust state appellate remedies satisfies
10 the requirement of ongoing state proceedings.  Id.  Plaintiff's pleadings do not show he has
11 exhausted his state appellate remedies.  The first requirement of Younger thus has been met.

12   Younger held that interference with a state criminal prosecution would disrupt the
13 exercise of a basic state function, "prohibiting the State from carrying out the important and
14 necessary task of enforcing these laws against socially harmful conduct that the State believes in
15 good faith to be punishable under its laws and Constitution."  Younger, 401 U.S. at 51-52.  A
16 prosecution for red light violations implicates important state interests.  Given the importance of
17 the state's interest in traffic control and safe driving, the second requirement of Younger
18 abstention has been met.

19   "Where valid state interests are involved, a federal court should abstain 'unless state law
20 clearly bars the interposition of constitutional claims.'"  Middlesex County Ethics Comm., 457
21 U.S. at 432 (internal citation omitted).  Federal plaintiffs "need be accorded only an opportunity
22 to fairly pursue their constitutional claims in the ongoing state proceedings. . . ."  Juidice v. Vail,
23 430 U.S. 327, 337 (1977); Communications Telesystems International v.  California Public
24 Utility Commission, 196 F.3d 1011, 1019-20 (9th Cir. 1999).  Plaintiff's pleadings do not
25 demonstrate any procedural bar to the state court's considering his constitutional claims in the

---

[2] The complaint appears to have a typographical error wherein a trial date of January 30, 2013 is referenced.  Plaintiff's motion for temporary restraining order indicates trial on plaintiff's red light infraction is scheduled for January 30, 2014.

1  pending state proceeding.  See People ex rel. State Air Resources Board v. Wilmshurst, 68 Cal.

2  App. 4th 1332, 1333-34 (3d Dist. 1999) (considering preemption defense to state proceedings for

3  emissions violations).  Thus the third requirement of Younger is met as well.

4         Plaintiff's pleadings present no extraordinary circumstances that warrant an exception to

5  Younger abstention.  See Younger, 401 U.S. at 53-54 (extraordinary circumstances might be

6  present where a state statute being enforced violates the United States Constitution in every

7  clause, sentence and paragraph); see also Kugler v. Helfant, 421 U.S. 117, 124-125 (1975)

8  (Younger abstention should not be applied when extraordinary circumstances make it impossible

9  for the state court to fairly and fully adjudicate the federal issues before it).  There is no basis for

10 concluding the state court cannot fairly resolve plaintiff's claims.  Younger abstention requires

11 this court to defer to the state proceedings.  This action should therefore be dismissed.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's request to proceed in forma pauperis is granted;

14        2.  Plaintiff's motion for appointment of a three judge panel (ECF No. 4) is denied; and

15        IT IS HEREBY RECOMMENDED that this action be dismissed.

16        These findings and recommendations are submitted to the United States District Judge

17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18 after being served with these findings and recommendations, any party may file written

19 objections with the court and serve a copy on all parties.  Such a document should be captioned

20 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

22 Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  January 29, 2014

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

27 4 hership.ifp.57

4